Per Curiam.

This cause came up on a writ of error, from the Otsego common pleas, and this court reversed the judgment below and awarded a venire denovo, returnable in this court, and.upon the *203 record remaining in this court the cause was tried at the Otsego drcuit. The defendant cannot now be allowed to sct up the de'~ fect of form in the placilurn to the record which came fromthe court below. It was not assigned for error upon the writ of error, and the party is now too k~te, after a new trial awarded ai~d had upon that record, to assign a second error in the record, unless it be, at least, an error in substance. The only error now alleged is a defect of form in the placitum, in which the court below is stated to have been held at the village of Otsego, omitting to say at the court-house in the same. Now the court know, from the public acts, that at the date of the placitum, there was no courthouse, in esse, in Otsego county, for the old one was pulled down and sold, and the new one erecting, but not finished. The courts of common pleas, during the interval between the loss of the old and the erection of the new court-house, were ambulatory, so far as that the judges when they met to hold court were authorized to sit in any convenient place fixed by law, and we know the place fixed by law was . in the village of Otsego„ By taking the trouble to examine the several statutes relative to that subject, it will appeal* that the placitum for that court of common pleas, and at that term, was sufficient, and the court was not, and could not be, held at the court-house. But the objection itself, independent of any such consideration, is but matter of form, and cured after verdict by the statute of amendments and jeofails, for a trial was awarded and had in this court upon this very record, with such a placitum as a part of it, After a trial here under our own jurisdiction, it would be intolerable to listen to such an objection.
Motion in arrest of judgment denied.